UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN ELLIS MANCE, | ) | CASE NO. 5:16cv1721 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| MALCO PRODUCTS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Calvin Mance filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, against Malco Products, Inc. ("Malco"). In the complaint, plaintiff alleges he was terminated from his temporary assignment with Malco because he "utilize[d] a pacifier." (Doc. No. 4 at 21[1]). He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 1). That Application is granted.

I. **Background**

Plaintiff indicates Malco hired him as a temporary employee on February 11, 2016. He contends he was only supposed to work one day, but they asked him back when other temporary assignments became available. His work assignments with Malco appear to have been sporadic. He states Malco scheduled him to work a fourth time on March 11, 2016. He indicates he arrived

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

at work an hour early, but was walked out of the building prior to the start of his shift because he "utilize[d] a pacifier." (Doc. No. 4 at 21.) On March 14, 2016, he contacted the supervisor of the department for which he was scheduled to work and asked why his assignment was terminated. The supervisor indicated that he could not comprehend why plaintiff would come to work with a pacifier in his mouth. Plaintiff contends this implies that using a pacifier is not normal behavior for an adult, which in turn implies that he had "mental issues." (*Id.*) Affording a liberal construction to plaintiff's complaint, the Court finds that plaintiff alleges that his employment was terminated due to a perceived disability in violation of the ADA.

## II.     Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Fed. R. Civ. 8(a)(2)). The factual allegations in the pleading must be sufficient to

raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. (quotation marks and citation omitted). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.    Analysis**

Pursuant to 42 U.S.C. § 12112(a) of the ADA, a covered entity shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1) (numerals and letters omitted). "Major life activities" include, among others, "walking," "lifting," and "bending." 42 U.S.C. § 12102(2)(A). Plaintiff contends he was regarding as having a disability because the supervisor's comment implied that it was not normal for an adult to utilize a pacifier.

The ADA is not "a general civility code for the American workplace[.]" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998). *Alsept v. Honda of Am. Mfg., Inc.*, No. 3:11-CV-395, 2013 WL 2417980, at *5 (S.D. Ohio June 3, 2013). It is not meant to prevent every comment that an employee might find offensive. In this

case, plaintiff alleges that he was asked to leave because he was found using a pacifier before the start of his shift. Using a pacifier is not a disability. Moreover, there is no suggestion in the complaint that plaintiff's supervisor asked him to leave because he believed plaintiff was suffering from a mental illness. Plaintiff surmises that because the supervisor did not find pacifier use by an adult to be normal, that the supervisor believed he was suffering from a mental illness, and terminated him on the basis of that perceived mental illness. Just because an employer deems an employee's behavior in the workplace to be inappropriate or unprofessional does not mean his employer deemed him to be mentally ill. Plaintiff failed to allege facts to suggest he has a plausible claim for relief under the ADA.

### IV. Conclusion

For all the foregoing reasons, plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 1) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: September 30, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**